UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN, | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. _____ |
| | : |
| v. | : |
| | : |
| GIBRALTAR INDUSTRIES, INC., | : |
| | : |
| Defendant. | : |

# COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the "SEC").

2. Plaintiff, a shareholder of Defendant Gibraltar Industries, Inc. ("Gibraltar" or the "Company"), seeks an injunction to prevent a vote by its shareholders on Management Proposal 3 in the 2018 Proxy Statement for the annual meeting of Gibraltar shareholders scheduled for May 4, 2018 ("Proposal 3"). The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3. Proposal 3 requests that the shareholders approve the Gibraltar Industries, Inc., 2018 Equity Incentive Plan (the "Plan") that would allow the Company to issue awards in the form of non-qualified options, restricted shares, restricted units, performance shares, and

performance units and rights. But it is unclear how many participants are in the Plan and why they are receiving these awards. SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101. Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

      4.      Proposal 3 of the 2018 Proxy Statement fails to disclose the approximate number of eligible participants and the bases of their participation in the Plan.

      5.      Moreover, Item 10(b)(2)(i) of Schedule 14A requires that

[w]ith respect to … any plan containing options, warrants or rights submitted for security holder action, state:

(A) The title and amount of securities underlying such options, warrants or rights;

(B) The prices, expiration dates and other material conditions upon which the options, warrants or rights may be exercised;

(C) The consideration received or to be received by the registrant or subsidiary for the granting or extension of the options, warrants or rights;

(D) The market value of the securities underlying the options, warrants, or rights as of the latest practicable date; and

(E) In the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant;

      6.      The Plan includes non-qualified options, performance units and rights and a number of other equity-based rights, but Proposal 3 fails to disclose information required by Item 10(b)(2)(i).

7.  Thus, the 2018 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

9.  In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

10. Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because the Plaintiff is a resident of this district.

## PARTIES

11. Plaintiff is, and has been continuously since June 2014, a holder of Gibraltar common stock.

12. Gibraltar is a corporation organized under the laws of the State of Delaware. The Company's last fiscal year ended December 31, 2017. As of February 23, 2018, it had 31,748,874 shares of common stock outstanding. Gibraltar's common stock is traded on the NASDAQ Stock Exchange under the symbol ROCK. Gibraltar is a manufacturer and distributor of building products for industrial, transportation infrastructure, residential housing, renewable energy and resource conservation markets.

## WRONGFUL ACTS AND OMISSIONS

13. Gibraltar has scheduled the annual shareholders' meeting for May 4, 2018. On March 27, 2018, it furnished its shareholders with the 2018 Proxy Statement to solicit their

3

proxies for four management proposals and to transact other business that may properly come before the annual meeting.

14. Proposal 3 requests that the shareholders approve the Plan, which Gibraltar will be able to use to grant non-qualified options, restricted shares, restricted units, performance shares, and performance units and rights to participants in the Plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for Gibraltar stockholders to understand how many participants there are in each class, or why they are eligible for such shares. Proposal 3 also fails to provide the federally required information necessary to request stockholder action concerning a stock option plan.

15. Because Proposal 3 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2018 Proxy Statement to disclose certain information concerning the Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (a) Plans subject to security holder action.
>
> (1) Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2018 Proxy Statement omits these disclosures.

16. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 3 fails to mention that information. The 2018 Proxy Statement provides:

**Eligible Participants**

> The individuals that are eligible to receive awards under the 2018 Equity Incentive Plan are officers and other employees of the Company and its subsidiaries, non-employee Directors of the Company and other independent advisors of the Company.

Proxy at 40.

17. The above paragraph merely describes four classes of persons – (i) officers; (ii) other employees of the Company; (iii) other employees of the Company's subsidiaries; (iv) non-employee Directors of the Company; and (v) other independent advisors of the Company– but it does not explain how many persons are in each class, and it does not provide the bases of their participation.

18. The Plan itself, attached to the 2018 Proxy Statement as Appendix A, has a different definition of "Eligible Person."

> 1.23 Eligible Person means: (a) each Employee of the Company or any Affiliate; (b) each member of the Board of Directors who is not an Employee of the Company or any Affiliate; and (c) any natural person that is a consultant or other independent advisor providing services to the Company or any Affiliate.

Proxy at A-3.

19. Proposal 3 does not include "consultants" as a class of participants, nor does it include employees and independent advisors of "Affiliates." The definition for Affiliate is quite broad.

20. "Affiliate" as defined by the Plan "means any corporation under common control with the Company within the meaning of Section 414(b) of the Internal Revenue Code and any trade or business (whether or not incorporated) under common control with the Company within the meaning of Section 414(c) of the Internal Revenue Code."

21. "Subsidiary," a term used in Proposal 3, is not defined by the Plan.

22. Thus, Proposal 3 is confusing and inaccurate as to who is eligible and it is

5

entirely unclear from the 2018 Proxy Statement how many participants will be awarded the compensation from the Plan that stockholders are being asked to approve or the bases of their receipt of such awards.

23. Moreover, Item 10(b)(2)(i) of Schedule 14A requires that

[w]ith respect to … any plan containing options, warrants or rights submitted for security holder action, state:

(A) The title and amount of securities underlying such options, warrants or rights;

(B) The prices, expiration dates and other material conditions upon which the options, warrants or rights may be exercised;

(C) The consideration received or to be received by the registrant or subsidiary for the granting or extension of the options, warrants or rights;

(D) The market value of the securities underlying the options, warrants, or rights as of the latest practicable date; and

(E) In the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant;

24. Despite the fact that the Plan includes stock option compensation, as well as performance units and rights and a number of other equity-based rights, Proposal 3 fails to provide information set forth in parts D and E of paragraph (b)(2)(i) of Item 10: "[t]he market value of the securities underlying the options, warrants, or rights as of the latest practicable date,"[1] and "[i]n the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant."

25. Proposal 3 only discusses federal tax consequences for restricted shares and performance shares, but not non-qualified options. *See* Proxy at 42.

26. This contravention of the SEC rules renders the 2018 Proxy Statement unlawful

---

[1] The 2018 Proxy Statement includes the Company's closing price of $33.00 as of December 31, 2017, approximately three months prior to the date of the Proxy Statement. This cannot possibly be the "latest practicable date" for purposes of informing shareholders the market value of the securities to be granted.

under § 14(a) of the Exchange Act.

27. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for an unknown number of shares to be granted to an unknown number of participants immediately after this vote. Unwinding these awards will be impossible.

28. To ameliorate the injury, injunctive relief is required in the form of an amended and supplemented proxy statement that provides the information required by Item 10(a)(1) and Item 10(b)(2)(i) of Schedule 14A with regard to Proposal 3.

29. Consequently, Gibraltar should be enjoined from presenting Proposal 3 for a stockholder vote at the May 4, 2018 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Gibraltar shareholder in connection with Proposal 3 in the 2018 Proxy Statement.

**RELIEF REQUESTED**

**WHEREFORE,** Plaintiff requests the following relief:

A. A preliminary and permanent injunction, enjoining Gibraltar from:

(i) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Gibraltar shareholder in connection with Proposal 3 in the 2018 Proxy Statement;

(ii) presenting Proposal 3 for a shareholder vote at the May 4, 2018 annual meeting.

B. A preliminary and permanent injunction requiring Gibraltar to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Items

7

10(a)(1) and 10(b)(2)(i) that is cured of material disclosure defects pursuant to 15 U.S.C. § 78n(a).

      C.      Awarding such other and further relief as this Court deems just and proper.

Dated: March 28, 2018

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: /s/ *Gloria Kui Melwani*
Gloria Kui Melwani
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114

***Attorneys for Plaintiff***